DA 10-0442

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 67N

MICHAEL E. SPREADBURY,

      Plaintiff and Appellant,

   v.

KENNETH S. BELL,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 10-223
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael E. Spreadbury, (self-represented litigant); Hamilton,
Montana

      For Appellee:

          Natasha Prinzing Jones, William L. Crowley; Boone Karlberg, P.C.;
Missoula, Montana

Submitted on Briefs:  February 23, 2011

Decided:  April 5, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael E. Spreadbury appeals the order entered by the Twenty-First Judicial District, Ravalli County, granting Hamilton City Attorney Kenneth S. Bell's motion to dismiss Spreadbury's complaint alleging intentional infliction of emotional distress. Spreadbury challenges the District Court's conclusion that Bell was entitled to immunity from the suit, asking that we reverse and remand for trial.

¶3 On April 26, 2010, Spreadbury filed the complaint against Bell for intentional infliction of emotional distress allegedly resulting from Bell's examination of a witness in a civil order of protection hearing held in Hamilton City Court on November 20, 2009. Previously Spreadbury had unsuccessfully attempted to persuade staff at the Bitterroot Public Library in Hamilton to include a particular document in the library's collection. Various other actions grew out of these and related incidents, including the civil order of protection, which public librarian Nansu Roddy sought against Spreadbury after an interaction with him on November 4, 2009. The city court granted the order of protection, which was affirmed by the district court, and this Court has subsequently denied Spreadbury's untimely attempts to appeal the order. *See* Cause No. DA 10-0352, *Roddy v. Spreadbury*, August 10, 2010 Order; Cause No. DA 11-0017, *Roddy v. Spreadbury*, February 8, 2011 Order, *reh'g denied*, March 15, 2011.

¶4 In this action, Spreadbury alleged in his amended complaint that the appearance of Bell at the civil order of protection hearing was "not part of his duties as City Attorney," that Bell was

2

"allowed by the court to examine the witness," and "proceeded in leading the witness through gestures, to give false testimony on the interaction between Plaintiff and Petitioner which occurred Nov[ember] 4 2009," further alleging that Bell "acted as Hamilton City Attorney for non city business or city interest in a city court against [Spreadbury]." The complaint alleged severe emotional distress caused as a result and prayed for compensatory damages of $250,000 and punitive damages.

¶5        In ruling on Bell's motion to dismiss pursuant to M. R. Civ. P. 12(b)(6), the District Court took judicial notice of the civil order of protection proceeding and other related criminal matters. The court concluded that Bell was "acting within the scope of his office when he examined the witness regarding the order of protection against [Spreadbury] in city court," and thus was "entitled to immunity from liability for actions he performs as part of his position as City Attorney." We review de novo a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Spencer v. Beck*, 2010 MT 256, ¶ 7, 358 Mont. 295, 245 P.3d 21.

¶6        We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶7        Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT

3

/S/ BRIAN MORRIS